# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:93CR30025 |
| v. | ) **OPINION** |
| MAURICE EDWARD JACKSON, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Maurice Edward Jackson, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed a motion that I construe as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011).[1] For the reasons stated, I find that Jackson's motion must be dismissed as successive.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that Jackson previously filed a § 2255 motion concerning this

---

[1] Jackson styles his submission as a "MOTION TO SUPPLEMENT TO PETITIONER FIRST AMENDMENT PETITION ARTICLE I FOR REDRESS OF GRIEVANCES, PURSUANT UNDER THE UNITED STATES CONSTITUTION FOR CONSITTUTIONAL VIOLATION 'AFFIDAVIT OF FACTS'" (ECF No. 203). Jackson asserts that he should be "releas[ed] from this conviction" because the prior drug convictions on which the court relied to enhance Jackson's federal sentence no longer qualify as serious drug felonies. Jackson cites no authority on which the court could revisit his conviction or sentence, and I find none.

same conviction and sentence, *See Jackson v. United States*, Case No. 7:05CV00781 (W.D. Va. Jan. 3, 2006) (unpublished). Because Jackson offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss Jackson's current action without prejudice.

A separate Final Order will be entered herewith.

DATED: April 23, 2012

/s/ James P. Jones
United States District Judge