# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:93CR30025 |
| v. | ) | **OPINION** |
| | ) | |
| MAURICE EDWARD JACKSON, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Maurice Edward Jackson, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed a "petition" seeking to be resentenced. For the reasons stated, I must deny his petition, and construe and dismiss it a successive Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011).[1]

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that Jackson previously filed a § 2255 motion concerning this

---

[1] Jackson styles his submission as "DEFENDANT'S PETITION REQUESTING REMOVAL OF CAREER OFFENDER STATUS" (ECF No. 211). Jackson asserts that in 1994, the court improperly imposed an enhanced sentence in his case based on a prior conviction that does not qualify as a crime of violence as required to support enhancement. On this ground, Jackson asserts that he is now entitled to be resentenced. Jackson cites no authority on which the court could revisit his sentence based merely on his present assertions, and I find none.

same conviction and sentence, *See Jackson v. United States*, Case No. 7:05CV00781 (W.D. Va. Jan. 3, 2006) (unpublished). Because Jackson offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss Jackson's current action without prejudice.

A separate Final Order will be entered herewith.

DATED: April 24, 2012

/s/ James P. Jones
United States District Judge